UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNN GAMBRILL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CS DISCO; KIWI CAMARA; MICHAEL LAFAIR;<br><br>Defendants. | Case No. 1:23-08270 (LAK) (SN)<br><br>Hon. Lewis A. Kaplan |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF LYNN GAMBRILL FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF HER SELECTION OF LEAD COUNSEL</u>**

## **TABLE OF CONTENTS**

**PAGE**

I. PRELIMINARY STATEMENT ................................................................................................. 1

II. STATEMENT OF FACTS ......................................................................................................... 2

III. ARGUMENT .............................................................................................................................. 3

    A. Gambrill Is The "Most Adequate Plaintiff" And Should Be Appointed to Serve as Lead Plaintiff ................................................................................................................ 3

        1. Gambrill Has Met The Procedural Requirements Of The PSLRA ............. 4

        2. Gambrill Has the Largest Financial Interest ............................................... 4

        3. Gambrill Satisfies the Requirements of Federal Rule 23............................ 5

            a. Gambrill's Claims Are Typical of Those of The Class .................. 5

            b. Gambrill will Fairly and Adequately Protect the Interests of the Class ............................................................................................... 6

    B. Gambrill's Selection of Counsel Should Be Appointed Lead Counsel .................. 7

IV. CONCLUSION ........................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Gronich v. Omega Healthcare Investors, Inc.*,
   Nos. 17 Civ. 8983 and 9024 (NRB), 2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) ...... 4, 5, 7

*In re Barrick Gold Corp. Sec. Litig.*,
   Nos. 17 Civ. 3507 and 3815 (NRB), 2017 WL 4862779 (S.D.N.Y. Oct. 4, 2017) ............. 5, 6

*In re Forcefield Energy Inc. Sec. Litig.*,
   Nos. 15 Civ. 3020, 3141 and 3279 (NRB), 2015 WL 4476345 (S.D.N.Y. July 22, 2015) ................................................................................................................................ 5

*Lipetz v. Wachovia Corp.*,
   No. 08 Civ. 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) .................................. 6

**Statutes**

15 U.S.C. § 78u-4(a)(3) .................................................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................................................... 3, 4

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................................ 3

15 U.S.C. § 78u-4(a)(3)(B)(ii) ....................................................................................................... 3

15 U.S.C.  § 78u-4(a)(3)(B)(iii) ..................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................................. 1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................... 5

15 U.S.C.  § 78u-4(a)(3)(B)(v) ...................................................................................................... 7

**Other Authorities**

H.R. Rep. No. 104-369 (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730 ............................. 7

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... 1, 2, 5, 6

Fed. R. Civ. P. 42(a) ...................................................................................................................... 1

**Docketed**

*Gambrill v. CS Disco,*
    No. 23-cv-08270 (S.D.N.Y.) .................................................................................................. 1

*In re 2008 Fannie Mae Sec. Litig.*,
    No. 08-civ-07831-PAC (S.D.N.Y) ........................................................................................ 7

*In re BP PLC Sec. Litig.*,
    No. 10-md-2185 (S.D. Tex.) ................................................................................................. 7

*In re IndyMac Mortgage-Backed Sec. Litig.*,
    No. 09-cv-04583-LAK (S.D.N.Y.) ....................................................................................... 7

Lynn Gambrill ("Gambrill") respectfully submits this memorandum of law in support of her motion, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) appointing Gambrill to serve as Lead Plaintiff in the Action; (ii) approving Gambrill's selection of Berman Tabacco as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

## I.   PRELIMINARY STATEMENT

Pending before the Court is a securities class action[1] brought by Gambrill on behalf of purchasers of CS Disco ("CS Disco" or the "Company") common stock during the period of July 21, 2021 to August 11, 2022 (the "Class Period") against the Company and certain current and former executive officers, Kiwi Camara ("Camara") and Michael Lafair ("Lafair") (collectively, "Defendants").

Pursuant to the PSLRA, the Lead Plaintiff should be the movant who possesses the largest financial interest in the outcome of the Action and who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Gambrill believes that she is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this Action.  As set forth in more detail below, Gambrill has a significant financial interest in the relief sought in the Action, having sustained losses of approximately $2,554 by virtue of her investments in CS Disco stock during the Class Period.[2]

---

[1] *Gambrill v. CS Disco, et al.*, No. 23-cv-08270 (LAK) (SN) (S.D.N.Y., filed September 19, 2023) (the "Action").

[2] A copy of Gambrill's PSLRA certification is attached as **Exhibit B** to the Declaration of Patrick T. Egan in Support of the Motion of Lynn Gambrill for Appointment as Lead Plaintiff and Approval of her Selection of Lead Counsel (the "Egan Declaration" or "Egan Decl."), filed

1

In addition to asserting the largest financial interest in this litigation, Gambrill readily satisfies the relevant requirements of Rule 23 because her claims are typical of all other members of the Class, and because Gambrill will fairly and adequately represent the Class. Moreover, Gambrill has further demonstrated her adequacy through her selection and retention of Berman Tabacco, a law firm that has recovered billions of dollars through its prosecution of securities fraud class actions and has the expertise and resources necessary to handle litigation of this complexity and scale as Lead Counsel for the class.

Accordingly, Gambrill respectfully requests that the Court appoint Gambrill to serve as Lead Plaintiff and approve her choice of Berman Tabacco as Lead Counsel.

## II.     STATEMENT OF FACTS

Defendant CS Disco asserts that it provides cloud-native and artificial intelligence-powered legal solutions for electronic discovery ("ediscovery"), legal document review, and case management for enterprises, law firms, legal services providers, and governments. ¶ 3.[3] Incorporated in Delaware, the Company maintains its corporate headquarters in Austin, Texas, with its only other U.S. office in Manhattan, New York City. CS Disco's common stock trades on NYSE under ticker symbol "LAW." As of February 23, 2022, CS Disco had over 59 million shares of common stock outstanding, owned by hundreds or thousands of investors. ¶ 15.

At all relevant times, Defendant Camara served as the Company's Chief Executive Officer ("CEO") and Defendant Lafair served as the Company's Executive Vice President and Chief Financial Officer ("CFO"). ¶¶ 16-17.

---

herewith. The certification sets forth Gambrill's transactions in CS Disco securities during the Class Period. In addition, a chart reflecting calculations of the financial losses Gambrill suffered from her trading in CS Disco securities are attached as **Exhibit C** to the Egan Declaration.

[3] References to "¶__" are to the Complaint for Violations of the Federal Securities Laws, Sept. 19, 2023, ECF No. 1 ("Complaint").

The Action alleges that, during the Class Period, Defendants misled investors and thereby artificially inflated the price of CS Disco's securities by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements not misleading. ¶ 37. Defendants' statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about CS Disco's business, operations, and prospects. *Id.* Specifically, the Complaint alleges that, throughout the Class Period, Defendants touted strong and sustainable revenue growth while failing to disclose to investors that this growth was in fact driven by only a handful of customers who had decided to end their projects with the Company by the end of 2021. ¶ 24. The Complaint further alleges that, because of Defendants' false statements and omissions, CS Disco's stock traded at artificially inflated prices during the Class Period. ¶ 37. Finally, the Complaint alleges that when, on August 11, 2022, the Company finally disclosed that its former explosive growth was attributable to only a handful of customers whose business could no longer be counted on, the value of its stock fell precipitously, harming investors in the Class. ¶¶ 32-36.

### III.    ARGUMENT

#### A.    Gambrill Is The "Most Adequate Plaintiff" And Should Be Appointed to Serve as Lead Plaintiff

The PSLRA sets forth procedures for the selection of the lead plaintiff in class actions brought under the Exchange Act and directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action either (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate, whichever date is later. 15 U.S.C. § 78u-4(a)(3)(A)(i), (B)(i) & (B)(ii). The court appoints the presumptively most adequate plaintiff to serve as lead plaintiff and presumes that the lead plaintiff is the person, entity or group that: "(aa) has either filed the complaint or made a

3

motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Gambrill satisfies all three of these criteria and is entitled to the presumption that she is the most adequate plaintiff to represent the class and should therefore be appointed Lead Plaintiff.

### 1. Gambrill Has Met The Procedural Requirements Of The PSLRA

On September 19, 2023, Berman Tabacco, as counsel in the Action, published a notice over *Business Wire* (the "Notice") pursuant to Section 21D(a)(3)(A)(i) of the PSRLA, which announced that a securities class action had been filed against Defendants and advised investors in CS Disco securities that they had 60 days (until November 20, 2023) to file a motion to be appointed as Lead Plaintiff. *See* Egan Decl. **Ex. A**.

Gambrill filed the instant motion within the 60-day deadline pursuant to the Notice and has attached a certification attesting that she is willing to serve as a class representative for the class and provide testimony at depositions and trial, if necessary. *See* Egan Decl. **Ex. B**. Accordingly, Gambrill has satisfied the first, procedural, requirement to serve as Lead Plaintiff for the class.

### 2. Gambrill Has the Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Although the PSLRA does not define the term "largest financial interest," courts often place the greatest emphasis on the approximate loss suffered by the movant. *Gronich v. Omega Healthcare Investors, Inc.*, Nos. 17 Civ. 8983 and 9024 (NRB), 2018 WL 1626078, at *2 (S.D.N.Y. Mar. 27, 2018).

At the time of her filing, Gambrill believes that she has the largest financial interest in the relief sought by the proposed class and is the presumptive Lead Plaintiff. During the Class Period, Gambrill lost $2,554 from her Class Period purchases. *See* Egan Decl. **Ex. C**. Gambrill is unaware of any other investor who intends to file a motion for appointment as Lead Plaintiff in this Action that has suffered larger losses than her.

### 3. Gambrill Satisfies the Requirements of Federal Rule 23

The PSLRA requires that the movant with the largest financial interest must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In an action under the PSLRA, a movant seeking appointment as Lead Plaintiff need only make a preliminary showing that he, she, or it will satisfy the typicality and adequacy requirements of Rule 23. *In re Forcefield Energy Inc. Sec. Litig.*, Nos. 15 Civ. 3020, 3141 and 3279 (NRB), 2015 WL 4476345, at *2 (S.D.N.Y. July 22, 2015).

#### a. Gambrill's Claims Are Typical of Those of The Class

The typicality requirement is satisfied "where the presumptive lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise." *Gronich*, 2018 WL 1626078, at *3. Gambrill's claims are typical of those of the Class, because like all other Class members, Gambrill: (1) purchased or otherwise acquired CS Disco securities during the Class Period; (2) at artificially inflated prices caused by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages as facts about Defendants' alleged misconduct were revealed. *See id.*; *In re Barrick Gold Corp. Sec. Litig.*, Nos. 17 Civ. 3507 and 3815 (NRB), 2017 WL 4862779, at *2 (S.D.N.Y. Oct. 4, 2017). Accordingly, Gambrill is a typical class representative.

### b. Gambrill will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement is satisfied where (1) there is no conflict between the proposed lead plaintiff and the members of the class, (2) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) class counsel is qualified, experienced and generally able to conduct the litigation. *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at *2. Gambrill's interests are perfectly aligned with the other members of the Class and are not antagonistic in any way. Indeed, Gambrill has the same interest as all members of the Class: to maximize the recovery from Defendants. Gambrill has submitted a certification declaring her commitment to protect the interests of the Class and accepts her fiduciary obligations. *See* Egan Decl. **Ex. B**. There are no facts indicating that there are any conflicts of interest between Gambrill and other Class members.

Moreover, because of Gambrill's financial stake in the litigation, class members can be assured that she has the incentive to vigorously represent their interests. *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the litigation" suggests that it would vigorously prosecute claims on behalf of the class).

Additionally, as explained below, Gambrill's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in an efficient and professional manner. Therefore, Gambrill meets the adequacy requirement of Rule 23.

Taken together, Gambrill meets the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### B. Gambrill's Selection of Counsel Should Be Appointed Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Gronich*, 2018 WL 1626078, at *4 ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Rep. No. 104-369, at 35 (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Gambrill has selected Berman Tabacco as Lead Counsel. Berman Tabacco is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous matters on behalf of investors as detailed in the firm's resume. *See* Egan Decl. **Ex. D**. Berman Tabacco is one of the country's premier class action law firms with nearly 40 years of experience prosecuting securities litigation cases. *Id.* The firm has been ranked as a *Top Plaintiffs' Firm* by *Benchmark Litigation*. *Id.* Since the passage of the PSLRA, Berman Tabacco has held leadership positions in more than 100 actions, recovering billions of dollars on behalf of defrauded investors, including: *In re BP PLC Sec. Litig.*, No. 10-md-2185 (S.D. Tex.) (as co-lead counsel for the Ohio Public Employees Retirement System, the firm reached a $175 million settlement); *In re IndyMac Mortgage-Backed Sec. Litig.*, No. 09-cv-04583-LAK (S.D.N.Y.) (representing the Wyoming State Treasurer and the Wyoming Retirement System and reaching settlements worth $346 million); *In re 2008 Fannie Mae Sec. Litig.*, No. 08-civ-07831-PAC (S.D.N.Y) (representing the Massachusetts Pension Reserves Investment Management Board and achieving a $170 million settlement). *Id.*

Moreover, it is significant that Berman Tabacco is the firm that identified and filed the instant Action, after thorough investigation and analysis of Defendants' statements and conduct. Berman Tabacco has the skill and knowledge necessary to enable them to prosecute this Action effectively and expeditiously. The Court can be assured that by approving Gambrill's selection of Lead Counsel, the members of the Class will receive superb legal representation.

## IV. CONCLUSION

For the foregoing reasons, Gambrill respectfully requests that the Court grant her motion and enter an Order: (1) appointing Gambrill to serve as Lead Plaintiff in this Action; (2) approving Gambrill's selection of Berman Tabacco as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated:  November 20, 2023

Respectfully submitted,

**BERMAN TABACCO**

By: */s/ Patrick T. Egan*
     Patrick T. Egan (PE-6812)

One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com

Michael W. Dark
**BERMAN TABACCO**
425 California St., Suite 2300
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: mdark@bermantabacco.com

*Counsel for Plaintiff and Lead Plaintiff Movant Lynn Gambrill*

8