**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNN GAMBRILL, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CS DISCO, KIWI CAMARA, and MICHAEL LAFAIR,<br><br>Defendants. | Civil Action No. 1:23-cv-08270-LAK-SN |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY RANDAL BLACK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........ 1

FACTUAL BACKGROUND ........ 2

ARGUMENT ........ 2

I. BLACK IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF ........ 2

A. Black Filed a Timely Motion ........ 3

B. Black Has the Largest Financial Interest in the Relief Sought by the Class ........ 4

C. Black Satisfies Rule 23 ........ 5

II. BLACK'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED ........ 6

CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Constance Sczesny Tr. v. KPMG LLP*,
223 F.R.D. 319 (S.D.N.Y. 2004) ....6

*In re NYSE Specialists Sec. Litig.*,
240 F.R.D. 128 (S.D.N.Y. 2007) ....3

*In re Tronox, Inc. Sec. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) ....3, 5, 6

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ....4

*Peters v. Jinkosolar Holding Co., Ltd.*,
No. 11 Civ. 7133(JPO), 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ....4

*Taft v. Ackermans*,
No. 02 Civ. 7951(PKL), 2003 WL 402789 (S.D.N.Y. Feb. 20, 2003) ....6

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015) ....7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008) ....4, 5

**Statutes, Rules, and Regulations**

15 U.S.C.
§78j(b) ....1
§78t(a) ....1
§78u-4(a)(1) ....3
§78u-4(a)(3)(A)(i) ....3, 4
§78u-4(a)(3)(A)(i)(II)-(B)(iii)(I) ....3
§78u-4(a)(3)(B) ....1
§78u-4(a)(3)(B)(i) ....1, 3
§78u-4(a)(3)(B)(iii) ....5
§78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ....2, 3
§78u-4(a)(3)(B)(iii)(I)(bb) ....5
§78u-4(a)(3)(B)(v) ....6

17 C.F.R.
§240.10b-5 ....1

Federal Rules of Civil Procedure
Rule 23 .......................................................................................................................2, 3, 5, 6

Plaintiff and Lead Plaintiff movant Randal Black ("Black" or "Movant"), on behalf of himself and all others similarly situated, respectfully submits this Memorandum of Law in support of his Motion to: (1) appoint Black as Lead Plaintiff of the above-captioned securities class action; (2) approve Black's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (3) grant such other and further relief as the Court may deem just and proper.[1]

**PRELIMINARY STATEMENT**

Presently pending before the Court is a securities class action brought on behalf of persons and entities that purchased shares of CS Disco ("CS Disco" or the "Company") common stock between July 21, 2021 and August 11, 2022, inclusive (the "Class Period"). The action alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"), provides that a court must appoint as lead plaintiff the '"most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i); *see, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).[2] Black is the most adequate plaintiff because he timely moved to be lead plaintiff, has the largest financial interest in the litigation (nearly $15,000 in recoverable losses), and satisfies the representative requirements

---

[1] Defined terms have the same definitions as in the complaint filed in this action on September 19, 2023 (the "Complaint"). ECF No. 1. Unless otherwise noted, all "¶" and "¶¶" citations refer to the Complaint.

[2] Unless otherwise indicated, citations are omitted.

set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

For the reasons summarized herein and discussed more fully below, Black's Motion should be approved in its entirety.

## FACTUAL BACKGROUND

Plaintiff Lynn Gambrill ("Gambrill") filed this securities class action on September 19, 2023, against CS Disco and certain of its officers. ECF No. 1. CS Disco provides cloud-native and artificial intelligence-powered legal solutions for electronic discovery ("ediscovery"), legal document review, and case management for enterprises, law firms, legal services providers, and governments. ¶14. CS Disco's common stock trades on the New York Stock Exchange ("NYSE") under the ticker LAW. ¶15. This action alleges CS Disco and the other defendants made materially false and misleading statements and omissions during the Class Period. ¶37. Specifically, Gambrill alleges that CS Disco repeatedly touted strong growth in its revenues attributable to customer usage of its cloud-based electronic discovery platform and asserted that it had good advance visibility into changes in the demand from individual customers over time, without disclosing that, at the same time, it was losing business from its large customers. ¶¶4-7. When the truth about CS Disco's business reached the market, the Company's common stock experienced sharp declines, causing significant losses and damages to Black and the other Class members. ¶¶32-36.

## ARGUMENT

### I. BLACK IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the

Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B). First, the plaintiff who files the action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, "the Court is required to appoint the 'most adequate plaintiff' as lead plaintiff." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 141 (S.D.N.Y. 2007) (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)). Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (b) "has the largest financial interest in the relief sought"; and (c) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tronox*, 262 F.R.D. at 343-44. The Rule 23 element of the presumption necessitates only a '"preliminary showing that [the movant] satisfies the typicality and adequacy requirements of Rule 23.'" *Id.* at 344. Second, so long as the presumption is not rebutted, the "most adequate plaintiff" shall be appointed the lead plaintiff. *Id.* As demonstrated below, Black meets these requirements and should be appointed to serve as Lead Plaintiff.

**A. Black Filed a Timely Motion**

On September 19, 2023, the same day this action was filed, a notice of pendency of the action was published on *Business Wire*, a national newswire service. *See* Declaration of Thomas L. Laughlin, IV ("Laughlin Decl.") filed in support hereof, Ex. 1. The requirements of §78u-

4(a)(3)(A)(i) have, therefore, been met. The Early Notice states that those wishing to serve as lead plaintiff are required to move for appointment "no later than November 20, 2023" (*i.e.*, within 60 days of publication of the Early Notice). *See id*.

Black's motion for appointment as Lead Plaintiff is therefore timely filed. Moreover, Black has submitted a certification stating his willingness to serve as a representative party on behalf of the Class and providing his Class Period transactions. *See* Laughlin Decl., Ex. 2.

**B. Black Has the Largest Financial Interest in the Relief Sought by the Class**

To his knowledge, Black is the lead plaintiff movant with the largest financial interest in the relief sought by the Class. "Courts in this District generally look at the following factors to determine financial interest: '(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . .; (3) the net funds expended during the class period . . .; and (4) the approximate losses suffered.'" *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Id.* (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alteration in original).

As evidenced by his PSLRA certification and the charts detailing his transactions and losses, Black purchased CS Disco common stock during the Class Period and suffered losses as a result of Defendants' misconduct. *See* Laughlin Decl., Exs. 2 & 3. Specifically, Black suffered losses of approximately $14,941.62. Laughlin Decl., Ex. 3. As to the other factors courts look to, Black purchased 730 total shares of CS Disco during the Class Period, retained 730 shares as of the end of the Class Period, and expended $23,360 on his purchases of CS Disco common stock during the Class Period. *Id.*

Black thus has a significant financial interest in this case. Moreover, Black is unaware of any other movant that has sustained greater financial losses in connection with their CS Disco transactions during the Class Period. Therefore, Black has the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

**C. Black Satisfies Rule 23**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at (B)(iii)(I)(cc). Of the Rule 23 prerequisites, only two − typicality and adequacy − directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be '"preliminary.'" *Tronox*, 262 F.R.D. at 344. Black easily makes this preliminary showing.

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (internal quotations omitted). Here, the claims asserted by Black are typical of the claims of the other members of the putative Class because, like all other Class members, he: (a) purchased shares of CS Disco common stock during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements and omissions; and (c) suffered damages as a result thereof. Since Black's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied. *See similarly Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388,

397 (S.D.N.Y. 2008); *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2003 WL 402789, at *3 (S.D.N.Y. Feb. 20, 2003).

With respect to adequacy, a plaintiff is an adequate class representative when he possesses common interests and an absence of conflict with fellow class members and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Tronox*, 262 F.R.D. at 343. Black is "adequate" to serve as class representative in the instant litigation because his interests are aligned with the interests of the putative Class. Black, like all other members of the Class, suffered losses as a result of purchasing CS Disco common stock at prices that were artificially inflated due to Defendants' alleged misstatements. Black will, therefore, benefit from the same relief as other Class members. Black has also submitted a Declaration demonstrating his adequacy. *See* Laughlin Decl., Ex. 4. Finally, Black has demonstrated that he is an adequate representative by retaining competent and experienced counsel. *See LaBranche*, 229 F.R.D. at 413 (considering qualifications of proposed lead counsel in evaluating adequacy); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (same). As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Black has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of this motion.

## II. BLACK'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id*. at (B)(iii)(II)(aa). "There is a strong presumption in favor of approving

a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Black has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. 5. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

---

3 Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Micro Focus International plc Sec. Litig.*, Lead Case No. 18CIV01549 (CA Super. San Mateo Cnty.) ($107.5 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Sup. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

No. 1:08-cv-03758, Order Awarding Attorneys' Fees and Expenses at 3, ¶9(c) (S.D.N.Y. July 20, 2011) (ECF No. 117).

Scott+Scott is also currently serving as lead or co-lead counsel in securities fraud class actions in this Court and across the country. *See City of Omaha Police and Firefighters Retirement System v. Cognyte Software Ltd.*, No. 23-cv-01769 (S.D.N.Y.); *Pompano Beach Police and Firefighters Retirement System v. Olo Inc.*, No. 22-cv-8228 (S.D.N.Y); *Jochims v. Oatly Group AB*, No. 22-cv-6360 (S.D.N.Y.); *Peterson v. TriplePoint Venture Growth BDC Corp., et al.*, No. 23-cv-02980 (N.D. Cal.); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-6750 (N.D. Cal.); *Abadilla v. Precigen, Inc.*, No. 20-cv-06936 (N.D. Cal.); *City of Birmingham Relief and Retirement System v. Acadia Pharmaceuticals Inc*., No. 21-cv-762 (S.D. Cal.); *Golubowski v. Robinhood Markets*, No. 21-cv-9767 (N.D. Cal.); *Strezsak v. Ardelyx Inc.*, No. 21-cv-5868 (N.D. Cal.).

In light of the foregoing, the Court should approve Black's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Black's choice of counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Black respectfully requests that the Court: (1) appoint Black as Lead Plaintiff on behalf of the Class; (2) approve Black's selection of counsel, Scott+Scott, as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: November 20, 2023

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Rhiana L. Swartz
Jonathan Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Lead Plaintiff Movant Randal Black and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile: 310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Randal Black*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV